**Olga FIGUEREDO CARDENAS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–4388.

United States Court of Appeals, Sixth Circuit.

July 24, 2009.

526

Before: BOGGS, Chief Judge;
BATCHELDER and COOK, Circuit
Judges.

COOK, Circuit Judge.

Petitioner Olga Figueredo Cardenas, a
native and citizen of Paraguay, appeals the
decision of the Board of Immigration Ap-
peals ("BIA") affirming the Immigration
Judge, who found Figueredo Cardenas in-
admissible and denied her application for
adjustment of status to lawful permanent
resident. We affirm.

### I.

Figueredo Cardenas first entered the
United States in 1990, but remained be-
yond the expiration of her visa. Once
apprehended, the Immigration and Natu-
ralization Service ("INS") placed her into
deportation proceedings and she departed
in 1991 under a grant of voluntary depar-
ture. But Figueredo Cardenas returned
in 1994, entering the country without an
inspection. Again the INS commenced re-
moval proceedings, and again Figueredo
Cardenas accepted the privilege of volun-
tary departure. She returned to Paraguay
in April 2001, but re-entered the United
States—again without inspection—some
four months later. Immigration authori-
ties commenced the current removal pro-
ceedings in June 2005, charging Figueredo
Cardenas with violating 8 U.S.C.
§ 1182(a)(6)(A)(i) (providing that any alien
present in the United States without being
admitted or paroled is removable) and 8
U.S.C. § 1182(a)(9)(C)(i)(I) (providing that
any alien unlawfully present in the United
States for longer than one year, and who
entered without being admitted, is remova-
ble). Figueredo Cardenas conceded re-
movability under both charges.

Figueredo Cardenas sought to avoid re-
moval by adjusting her status to that of a
lawful permanent resident, pursuant to 8
U.S.C. § 1255(i), and by seeking a waiver
of inadmissibility and permission to reap-
ply for admission after removal. The Im-
migration Judge, however, noted that a
petitioner who is removable under
§ 1182(a)(9)(C)(i) remains inadmissible and
ineligible for a waiver unless she remains
outside the United States for more than 10
years from the date of her last departure.
8 U.S.C. § 1182(a)(9)(C)(ii); *Matter of Tor-
res-Garcia*, 23 I. & N. Dec. 866, 873 (BIA
2006). The Immigration Judge concluded
that Figueredo Cardenas could not adjust
her status and declined her other applica-
tions. The BIA affirmed.

### II.

We review questions of law concerning
immigration proceedings de novo. *Ra-
mirez–Canales v. Mukasey*, 517 F.3d 904,
907 (6th Cir.2008). Where, as here, the
BIA affirms the Immigration Judge's deci-
sion while adding its own comments, we

review both decisions. *See Elias v. Gonzales,* 490 F.3d 444, 449 (6th Cir.2007).

An alien cannot qualify for an adjustment of status under § 1255(i) if that alien is inadmissible. 8 U.S.C. § 1255(i)(2)(A); *see also Matter of Briones,* 24 I. & N. Dec. 355, 362 (BIA 2007). Figueredo Cardenas conceded inadmissibility under § 1182(a)(9)(C)(i). She can only cure that inadmissibility—and thus become eligible for a status adjustment—by seeking admission at least 10 years after the date of her last departure from the United States. 8 U.S.C. § 1182(a)(9)(C)(ii).

Inadmissibility does not always bar an alien from applying for an adjustment of status. The BIA interprets the interplay between § 1255(i) and § 1182(a)(6) to create a narrow exception to certain inadmissibility provisions. For example, an alien who entered the United States without an inspection, and is thus inadmissible under § 1182(a)(6)(A)(i), may seek a status adjustment. *Matter of Briones,* 24 I. & N. Dec. at 365. But this exception does not extend to recidivist immigration violators—like Figueredo Cardenas—who are inadmissible under § 1182(a)(9)(C)(i). *Id.* at 370–71; *Matter of Torres–Garcia,* 23 I. & N. Dec. at 873.

Figueredo Cardenas urges us to reject the BIA's interpretation of § 1182(a)(9)(C)(i)(I) and instead follow a Ninth Circuit decision, *Perez–Gonzalez v. Ashcroft,* 379 F.3d 783 (9th Cir.2004), which would permit her to seek a *nunc pro tunc* waiver of her illegal entry and thereby permit her to apply for an adjustment of status. But after the BIA decision in *Matter of Torres–Garcia,* the Ninth Circuit reversed course, holding in *Gonzales v. Dep't. of Homeland Sec.,* 508 F.3d 1227, 1242 (9th Cir.2007), that "we are bound by the BIA's interpretation of the applicable statutes in *In re Torres–Garcia,* even though that interpretation differs from our prior interpretation in *Perez–Gonzalez.*"

And moreover, the BIA's interpretation of § 1182(a)(9)(C)(i)(I) is the law of this circuit. *Ramirez–Canales,* 517 F.3d at 910 (according *Chevron* deference to *Matter of Briones*'s holding that alients who are inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) are ineligible for an adjustment of status pursuant to 8 U.S.C. § 1225(i), and applying *Matter of Torres–Garcia*'s holding that inadmissibility under § 1182(a)(9)(C) may not be waived *nunc pro tunc* ). *Ramirez–Canales* disposes of Figueredo Cardenas's claim, and she makes no effort to avoid its application beyond asking that we reconsider its outcome. Consequently, Figueredo Cardenas cannot adjust her status.

### III.

We affirm the BIA's decision.